# EXHIBIT A

IN THE CIRCUIT COURT OF CLINTON COUNTY MISSOURI

| | |
|---|---|
| **CORTEZ CODY,**<br>Individually and on Behalf of All Other<br>Similarly Situated Individuals<br>    Plaintiff,<br><br>vs.<br><br>**CHECKR, INC.**<br>Registered Agent:<br>Incorp Services, Inc.<br>1 Montgomery Street<br>San Francisco, CA 94104<br><br>    Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## PETITION

**COMES NOW** the Plaintiff, Cortez Cody, and brings the following class action against Defendant, Checkr, Inc., ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1. Defendant is a consumer reporting agency (as a "consumer reporting agency" is defined pursuant to the FCRA).

2. Defendant provided a consumer report concerning the Plaintiff to a third party on or about October 31, 2018.

3. Plaintiff brings this action against Defendant for violations of the FCRA.

4. Plaintiff seeks statutory damages, actual damages, injunctive relief, punitive damages, costs and attorneys' fees, and other appropriate relief pursuant to the FCRA.

## PARTIES

5. Plaintiff Cody is a resident of Jackson County, Missouri.

6. Defendant is a foreign company doing business in Missouri.

## JURISDICTION AND VENUE

7. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

8. Venue is proper in this Court pursuant to R.S.Mo. 508.010.2(4).

## FACTUAL ALLEGATIONS

9. The report provided by the Defendant to Postmates contained information regarding the Plaintiff.

10. The report provided by the Defendant to Postmates contained inaccurate and materially misleading information concerning the Plaintiff.

11. The inaccuracies contained in the Defendant's report concerning the Plaintiff threaten his livelihood.

12. Based on information and belief, Postmates took adverse action against the Plaintiff based, in whole or in part, on information contained in the consumer report produced by the Defendant.

13. The report makes-up information about cases that have been closed.

14. The report fails to report that the cases in the Jackson County search have been closed.

15. The report provided by the Defendant includes alleged dispositions of cases that are inaccurate and materially misleading.

16. The report provided by the Defendant includes case information that is incomplete and materially misleading.

17. The report indicates that the Plaintiff was sentenced to serve various amounts of

Electronically Filed - Clinton - November 08, 2018 - 03:32 PM

PRISON time in cases that include no sentencing information.

18. The report indicates that the Plaintiff was sentenced to varying years in prison but does not include information that the Plaintiff was released pursuant to statute and/or that the Plaintiff was placed on probation.

19. Defendant's process of conveying sentencing information is inaccurate, incomplete, and misleading.

20. The manner in which the Defendant uses closed cases creates an increased risk of harm to the Plaintiff.

21. The manner in which the Defendant used closed cases to complete its reports increases the chances that an employer may believe the Plaintiff has suffered more charges and/or convictions than is accurate.

22. The manner in which the Defendant reported the Plaintiff's time served artificially and improperly inflates the perceived time the Plaintiff may have spent behind bars.

23. The manner in which the Defendant provides information regarding time served is detrimental to the Plaintiff and other class members.

24. Defendant is aware of the FCRA.

25. Defendant has knowledge that it must comply with the FCRA.

26. Defendant is required to prepare all consumer reports in accordance with the FCRA.

27. Defendant's multiple violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

## CLASS ACTION ALLEGATIONS

28. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

29. Plaintiff asserts the following classes:

    **1681e(b) Sentencing Class:** All individuals who were the subject of one or more consumer reports in which Defendant identified them as having been Sentenced to Prison Time without probation or release dates, from November 6, 2016, through the conclusion of this matter.

    **1681e(b) Closed Case Class:** All individuals who were the subject of one or more consumer reports in which Defendant identified a closed case without indicating the case was closed from November 8, 2016, through the conclusion of this matter.

### Numerosity

30. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly produces consumer reports on individuals to third parties. Defendant fails to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the reports relate. Plaintiff believes that during the relevant time period, a sufficient number of individuals would fall within the definition of the Putative Class.

### Common Questions of Law and Fact

31. Virtually all of the issues of law and fact in this class action predominate over any questions affecting individual class members. Among the questions of law and fact common to the class is:

    a. Whether Defendant complies with 1681e and follows reasonable procedures to assure maximum accuracy of the information contained in their reports;

    b. Whether Defendant complies with 1681e(b) and properly identifies the term an individual actually served in compliance with the FCRA;

Electronically Filed - Clinton - November 08, 2018 - 03:32 PM

    c.     Whether Defendant's violations of the FCRA were willful;

    d.     The proper measure of statutory damages and punitive damages; and

### Typicality

32. Plaintiff's claims are typical of the members of the proposed class. Defendant is a consumer reporting agency that produces consumer reports to third parties. Defendant produces the reports in violation of the mandates of the FCRA. The FCRA violations suffered by the Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

### Adequacy of Representation

33. Plaintiff, as a representative of the class, will fairly and adequately protect the interests of the Putative Class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

### Superiority

34. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further,

adjudication of each individual class members' claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

35. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the Putative Classes, so that declaratory and/or injunctive relief is appropriate respecting the Classes as a whole.

36. Class certification is also appropriate under Rule 52 of the Missouri Rules of Civil Procedure because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and because a class action is superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

37. Plaintiff intends to send notice to all members of the Putative Classes to the extent

required by Rule 52. The names and address of the Putative Class members are available from Defendant's records.

**VIOLATIONS OF THE FCRA**

38. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

39. Defendant utilizes a generic form that attempts to use a column identifier of Prison Time to identify the length of time an individual served.

40. Defendant violated the FCRA by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

41. Defendant also failed to properly notify consumers that they were reporting public record information at the time such public record information was being reported to the user of the report.

42. On information and belief, Defendant does not notify consumers that they are reporting public record information until after they have already provided said information to the user of the report.

43. Defendant's actions were negligent and willful.

44. Defendant's violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

    a.     Defendant has access to legal advice;

    b.     Defendant produced a consumer report on the Plaintiff that contained information that was misleading and inaccurate;

    c.    Defendant produced a consumer report that contained public record information that was adverse to the Plaintiff;

    d.    Defendant produced a consumer report that contained information that was not prepared in a manner that it would assure the maximum accuracy of the information being provided regarding the Plaintiff; and

    e.    Defendant failed to abide by the FCRA.

45. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

46. Plaintiff is also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

47. Plaintiff is further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

    a.    Order finding that Defendant committed multiple, separate violations of the FCRA;

    b.    Order finding that Defendant acted negligently and/or willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

    c.    Order awarding statutory damages and punitive damages as provided the FCRA;

    d.    Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

    e.    Order granting injunctive relief and other and further relief, in law or

equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff has a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEYS FOR PLAINTIFF

### IN THE CIRCUIT COURT OF CLINTON COUNTY MISSOURI

| | |
|---|---|
| **CORTEZ CODY,** ) | |
| Individually And On Behalf Of ) | |
| All Others, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: |
| vs. ) | |
| ) | |
| **CHECKR, INC.** **)** | |
| Defendant. ) | |

### ENTRY OF APPEARANCE

**COMES NOW** Jayson Watkins and hereby enters his appearance as counsel of record for Plaintiff and those similarly situated in the above captioned matter.

Respectfully submitted,

By: /s/ Jayson A. Watkins
Jayson A. Watkins MO #61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF



# IN THE 43RD JUDICIAL CIRCUIT, CLINTON COUNTY, MISSOURI

| Judge or Division:<br>R BRENT ELLIOTT | Case Number: 18CN-CC00081 | |
|---|---|---|
| Plaintiff/Petitioner:<br>CORTEZ CODY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>CHARLES JASON BROWN<br>301 S US HIGHWAY 169<br>GOWER, MO 64454-9116 | **FILED**<br>**11/9/2018**<br>**MOLLY LIVINGSTON**<br>**CIRCUIT CLERK**<br>**EX-OFFICIO RECORDER**<br>**CLINTON CO, MO** |
| Defendant/Respondent:<br>CHECKR, INC. | Court Address:<br>207 NORTH MAIN<br>PLATTSBURG, MO 64477 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to:** CHECKR, INC.
   Alias:
**C/O INCORP SERVICES, INC.**
**1 MONTGOMERY STREET**
**SAN FRANCISCO, CA 94104**

*COURT SEAL OF*

*CLINTON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

11/09/2018 _____ Circuit Clerk
Date                              Clerk
Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____           _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                  ☐ the judge of the court of which affiant is an officer.
                  ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                  ☐ authorized to administer oaths. (use for court-appointed server)

(Seal)
_____
Signature and Title

**Service Fees**
Summons    $_____
Non Est    $_____
Mileage    $_____ (_____miles @ $ _____ per mile)
**Total**  $_____

See the following page for directions to officer making return on service of summons.

OSCA (07-18) SM60 (SMOS) *For Court Use Only:* **Document ID# 18-SMOS-30**   1 of 2  **(18CN-CC00081)**   Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo
Case 5:18-cv-06192-FJG   Document 1-1   Filed 12/31/18   Page 12 of 13

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

OSCA (07-18) SM60 (SMOS) *For Court Use Only:* **Document ID# 18-SMOS-30**  2 of 2  **(18CN-CC00081)**  Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 5:18-cv-06192-FJG   Document 1-1   Filed 12/31/18   Page 13 of 13